AO 442 (Rev. 12/85) Warrant for Arrest

# United States District Court
## MIDDLE DISTRICT OF TENNESSEE (NASHVILLE DIVISION)

UNITED STATES OF AMERICA

V.   **CRIMINAL COMPLAINT**

WALTER PRENTICE DRAKE   Case Number: 05-3106 MB

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about March 2, 2005 in Davidson County, in the Middle District of Tennessee defendant(s), having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly possess in and affecting commerce, a firearm, to wit: a Winchester, Model Defender, 12-gauge pump shotgun.

in violation of Title 18 United States Code, Section(s) 922(g)(1) and 924. I further state that I am a(n) Special Agent, ATF and that this complaint is based on the following facts:

See attached statement of Special Agent Mark Ridner, ATF, in support of Complaint.

Continued on the attached sheet and made a part hereof:   ■ Yes   ☐ No

S/A Mark Ridner
Signature of Complainant

Special Agent, ATF

Sworn to me and subscribed in my presence,

November 28, 2005   at   Nashville, Tennessee
Date                          City and State

Joe B. Brown, United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

## STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

1. Your affiant, Mark F. Ridner, is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has been employed by ATF since September of 2004. Your affiant has completed twenty six weeks of training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. During this training at FLETC, your affiant graduated from the Criminal Investigator Training Program (CITP) and the Special Agent Basic Training (SABT). While at FLETC, your affiant received training in but not limited to, how to conduct firearms investigations, explosives investigations, arson investigations, search warrants, arrest warrants, and evidence collection.

2. On July 11, 1985 in the Criminal Court of Davidson County, Division III, case number 83-F-1859, Walter DRAKE pled guilty to 1 count of aggravated assault, a felony. DRAKE was sentenced to 6 years in the Tennessee Department of Corrections for this conviction. The offense date associated with this conviction was October 14, 1983.

3. On July 11, 1985 in the Criminal Court of Davidson County, Division III, case number 84-F-1952, Walter DRAKE pled guilty to 2 counts of armed robbery, a class X felony. DRAKE was sentenced to 20 years for each count in the Tennessee Department of Corrections for these convictions. The offense date associated with this conviction was October 31, 1984.

4. On July 11, 1985 in the Criminal Court of Davidson County, Division III, case number 84-F-1953, Walter DRAKE pled guilty to 1 count of aggravated assault, a felony. DRAKE was sentenced to 6 years in the Tennessee Department of Corrections for this conviction. The offense date associated with this conviction was October 31, 1984.

5. On February 8, 2002 in the Criminal Court of Davidson County, Division III, case number 2001-C-1760, Walter DRAKE pled guilty to one count of possession of more than 1/2 ounce of Marijuana for resale, a class E felony. DRAKE was sentenced on March 22, 2002 to 4 years imprisonment for this conviction. The offense date associated with this conviction was September 14, 2001.

6. On March 2, 2005, shortly after 7 p.m., Metro Park Rangers Curtis Avant, Richard Ellington, John Wells, and Sgt. George Mitchell were on routine patrol in the area of Cleveland Park Community Center, located in Davidson County, Tennessee. As part of their responsibilities, they commonly patrol the community center. After entering the community center, the Rangers observed several people in the hallway. An unknown black male, later identified as Walter DRAKE, fled from the community center through the back door after seeing Rangers.

7. Ranger Avant followed DRAKE into a parking area with street lights, where Ranger Avant observed DRAKE's right hand held underneath his coat. Ranger

Elllington, who had circled the building in an effort to cut off DRAKE, came to the location. Ellington observed the end of a long gun sticking out of the back of DRAKE's coat and yelled "He's got a gun." Both Ranger Avant and Ranger Ellington drew their weapons and began shouting instructions, but DRAKE fled on foot towards the railroad tracks. DRAKE was observed by Rangers wearing a dark winter hat at the time of the encounter.

8. Ranger Wells was told by Ranger Ellington that DRAKE had a gun, so he called other officers to help in the pursuit. Ranger Avant pursued DRAKE on foot, while Ranger Ellington and Ranger Wells retrieved vehicles in attempt to cut DRAKE off at the railroad crossing. During the foot pursuit, Ranger Avant recalled hearing a clicking sound that he believed might have been DRAKE emptying the ammunition from the firearm.

9. The Rangers radioed for assistance, in an attempt to box DRAKE in before he could escape by way of the railroad tracks. Rangers Avant and Wells eventually apprehended DRAKE after he ran from a wooded area and back on to the railroad tracks. DRAKE, however, did not have the firearm with him.

10. DRAKE was advised of his Miranda rights by Ranger Avant in the presence of Ranger Ellington. DRAKE advised Ranger Ellington that he had had a curtain rod in his hand and that it was located by the fence. When Ranger Ellington stated that it was a shotgun, DRAKE then stated in sum that whatever it was, it would be found by the fence. Rangers searched the area by the fence and located an unloaded shotgun and a black winter hat just inside the woods near the area DRAKE exited. The shotgun was a Winchester, 12-gauge-pump, model Defender, with pistol-grip, s/n: L1461117.

11. Following the arrest of DRAKE, he was transported to the Davidson County Criminal Justice Center and processed through the MNPD booking process. During the booking process, the Rangers located a crack pipe in DRAKE's coat.

12. The booking process includes processing through the Automated Fingerprint Identification System. A print comparison through the system showed Walter Prentice DRAKE, M/B, S/S #: 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, DOB: 8/19/64 to be one and the same person known by the MNPD as Walter Prentice DRAKE, OCA # 95799, who has the previously mentioned felony convictions.

13. Special Agent Mark Ridner requested the MNPD's Forensics and Firearms Unit perform a function test on a Winchester, 12-gauge-pump shotgun, model Defender, S/N: L1461117. The firearm had been seized in connection with the arrest of Walter DRAKE on March 2, 2005.

14. Firearm and Tool Mark Examiner Kendall T. Jaeger examination showed the firearm to be functional and capable of discharging the type of ammunition for which it was manufactured.

15. S/A Mark Ridner interviewed ATF S/A Wayne Kilday, a firearms interstate nexus expert for ATF regarding the above listed firearm. S/A Kilday has previously qualified and testified as an expert witness relative to firearms interstate nexus in the Middle Judicial District of Tennessee, the Western Judicial District of Tennessee, and the Eastern Judicial District of Arkansas.

16. The firearm S/A Ridner described to S/A Kilday was a Winchester, 12-gauge-pump shotgun, model Defender, S/N: L1461117. Based on S/A Kilday's experience, training, and research, it is his opinion that the described firearm is a firearm as defined in Title 18 USC Section 921(a)(3) and that the described firearm was not manufactured in the state of Tennessee and therefore the firearm, at some point in time, has traveled in interstate or foreign commerce

17. All of the described events occurred in Nashville, Davidson County, located in the Middle District of Tennessee.